## THE STATE v. NOLAN, Appellant.

### Division Two, May 13, 1902.

**Personating a Voter:** NECESSARY PROOF. To personate another, such other person must exist. Therefore, under an indictment charging accused with having falsely personated an elector at an election, and with having fraudulently attempted to vote in and on the name of such elector, and also under the statute as well, it is essential to prove that the person whom accused is charged to have fraudulently represented himself to be in order to vote, was a qualified elector at the time of said alleged personation. And the production of the register of voters with the name of the impersonated elector thereon does not establish such fact. The accused has the right to demand that the State show that there was such a man and elector, and not merely that his name appeared on the register.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferris*, Judge.

REVERSED AND REMANDED.

*T. J. Rowe* for appellant.

The court gave among other instructions the following: "You are further instructed that one whose name is duly registered on the register and poll-books of a voting precinct is presumed, until the contrary is shown, to be a duly qualified elector and entitled to vote." The case of State v. Shelly, 166 Mo. 619, is decisive of this case. The judgment should be reversed and the cause remanded.

*Edward C. Crow*, Attorney-General, for the State.

I presume that under the rule laid down in State v. Shelley, 166 Mo. 619, the instruction set out in the case at bar was not proper, and the case should, therefore, be reversed.

GANTT, J.—The indictment in this case is bottomed on section 7261, Revised Statutes 1889. The defendant is charged in the indictment with having feloniously, falsely and fraudulently personated Thomas Donlan, an elector, and feloniously, falsely and fraudulently attempted to vote in and on the name of Thomas Donlan, an elector at the election held on April 2, 1901, in the city of St. Louis for certain municipal officers of said city. Defendant entered a plea of not guilty. The court gave, among other instructions, the following: "You are further instructed that one whose name is duly registered on the register and pollbooks of a voting precinct is presumed, until the contrary is shown, to be a duly qualified elector and entitled to vote." Defendant excepted to all the instructions and properly saved his exceptions. The jury found defendant guilty and assessed his punishment at two years in the penitentiary. In due time he filed his motions for a new trial and in arrest of judgment, which being overruled he appealed to this court.

I. The offense with which defendant is charged is fraudulently personating another elector at the municipal election in the city of St. Louis on April 2, 1901. Under the indictment and the statute it was essential to prove that the person whom he is charged to have fraudulently represented himself to be in order to vote, was a qualified elector at the time of said alleged personation. Without this there could have been no offense under the statute. No effort was made by the State to prove this beyond the production of the register of voters introduced by the State.

In State v. Shelley, 166 Mo. l. c. 619, this court said that though a man may be an elector at the time of his registration, "he may not have been alive at the time he was personated, or at that time he may have been a non-resident of the precinct, in which case, of course, no conviction could have been had, and the burden was on the State to establish some-

thing more than the mere presumption, to establish beyond a reasonable doubt that the impersonated man was an elector of that particular precinct alleged in the indictment at the time defendant is charged with having personated him."

The indictment made the positive averment that Thomas Donlan was an elector at said election. Having alleged this, it was essential to prove it. Had Thomas Donlan offered to vote the register would have required the election officers to recognize him as a duly registered voter, but when that register was offered to prove there was such an elector, as against the defendant who was charged with a felony, it did not supply the proof that there was such an elector. Defendant was no party to the making of that register and he had the right to demand that the State should establish that there was such a man and elector as Thomas Donlan, and not merely that his name appeared on the register. To personate another, such other person must exist. This the indictment charged, and this the State was required to show, and did not by merely producing a register of his name. The instruction asked by defendant at the close of the State's case should have been given and its refusal was reversible error, and that given for the State should have been refused.

Judgment reversed and cause remanded for a new trial. All concur.